Case 2:12-cv-00318 Document 6 Filed in TXSD on 03/26/13 Page 1 of 9

United States District Court
Southern District of Texas
ENTERED

MAR 2 6 2013

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| ASARCO LLC, | § § | Case No. 2:12-cv-318, |
| *Debtor.* | § § | (previously docketed as 2:11-cv-290) |
| ASARCO LLC, | § § | |
| *Appellant,* | § § | |
| | § | Bankruptcy Case No. 05-21207 |
| v. | § § | |
| Baker Botts, L.L.P. | § § | |
| *Appellees.* | § | |

MEMORANDUM OPINION AND JUDGMENT

The Court now reconsiders this appeal by ASARCO, L.L.C. (hereinafter "ASARCO") after an initial remand by this Court of certain issues regarding the award to Baker Botts, L.L.P. (hereinafter "Baker Botts" or "the law firm") of certain attorneys' fees and expenses. The Court considers the relatively narrow question of whether the Bankruptcy Court adequately complied with this Court's direction on remand that it clarify and delete all amounts, if any, of its original award of fees and expenses that were to compensate Baker Botts for the pursuit of a fee enhancement or the correction of allegedly deficient time records, work to which this Court ruled the law firm would not be entitled to fees. On remand, the Bankruptcy Court reduced its original award of $5,457,443.83 to $5,202,230.60, finding that $255,213.23 of the original amount had been awarded for the pursuit of a fee enhancement. The new amount of $5,202,230.60 was awarded only for compensable sources of work identified by this Court, and therefore this Court finds the new judgment of the Bankruptcy Court should be **AFFIRMED**.

I. **Introduction and Case Background**

Previously, this Court affirmed the Bankruptcy Court's decision to award Baker Botts additional compensation in addition to its agreed upon professional rates for its representation of ASARCO in *Southern Peru Holdings, LLC v. Americas Mining Corporation*, civil case of this Court B-07-18 (hereinafter "the SCC case"). That decision rested on Baker Botts's superlative performance in the case and the benefit conferred on the bankruptcy estate, circumstances this Court also found were rare and extraordinary. As earlier expressed by this Court, if ever there were a case which called for an enhancement, surely this was it. In its earlier decision this Court further held that one could receive attorneys' fees for the preparation and defense of its fee application, but not for the fees and expenses expended in seeking a fee enhancement, the latter being of no benefit to the bankruptcy estate. Rather than repeat its findings, that Opinion is incorporated herein. (Memorandum Opinion and Order, civil case 2:11-cv-290, Doc. 32). The matter was remanded to the Bankruptcy Court because it did not delineate what part of the $5,000,000 in fees and $457,443.83 in expenses it had awarded were attributable to the preparation and defense of its fee application, and which, if any, were attributable to the pursuit of a fee enhancement or the correction of allegedly deficient time records.[1]

In its Supplemental Findings of Fact and Conclusions of Law Regarding Baker Botts's Final Fee Application, the Bankruptcy Court held that none of the award of $5,000,000 in fees incurred by Baker Botts in preparing and defending the Fee Application through July 13, 2010, was an award for the pursuit of a fee enhancement or for the correction of deficient time records. The Bankruptcy Court did find, however, that $255,213.23 of its initial award of $457,443.83 in

---

[1] This Court found that keeping appropriate time records was an integral part of a lawyer's duty in these circumstances. As such, no debtor should have to pay a law firm additional legal fees and/or expenses to correct its own shoddy record keeping. Such fees would not benefit the estate and additionally would constitute an unnecessary duplication of services.

2

expenses was an award for the pursuit of a fee enhancement, and should therefore be eliminated as per the prior Opinion of this Court. The Bankruptcy Court's revised judgment makes that correction.

**II. Discussion of Issues on Appeal**

The question presented in this subsequent appeal is, did the Bankruptcy Court err in awarding Baker Botts $5,000,000 in fees and $202,230.60 in expenses for defending its fee application for fees earned and expenses expended in the representation of ASARCO in the bankruptcy case? Appellant makes essentially three arguments in its Brief to support that proposition.

*1. The Bankruptcy Court Attributed its Current Award Amount in Part to Improper Sources.*

First, ASARCO argues that "[d]espite clear statements in the bankruptcy court's prior ruling that its award of $5,000,000 in fees to Baker Botts included fees for pursuing a fee enhancement, the bankruptcy court did not reduce its award of fees to Baker Botts on remand" (Brief of Appellant, 4). On remand, the Bankruptcy Court clearly explained in its Supplemental Findings how it had initially arrived at the fees and expenses awarded to Baker Botts:

> Uncharacteristically, this Court did not engage in a mathematical exercise to determine the appropriate amount of those fees to award. Instead, the Court, using its discretion, found that it could not award an amount in excess of $5,000,000 for the defense of fees because it felt that the amount requested was too high in light of other decisions and the total amount of fees approved in the case.

Doc. 16711, p. 2. The Bankruptcy Court went on to expressly state, "[n]one of the Court's award of $5,000,000 in fees incurred by Baker Botts in preparing and defending the Fee Application through July 13, 2010, is an award of fees for the pursuit of a fee enhancement." *Id.* The Bankruptcy Court found that the evidence presented supported a fee in excess of the

3

$5,000,000 it awarded, but it capped the award at $5,000,000 as an exercise of its own discretion. The Bankruptcy Court thus answers this Court's request to delineate what portion of the $5,000,000 award of fees, if any, was attributable to work other than the preparation and defense of its fee application. Appellant's argument that the Bankruptcy Court attributed its current award amount in part to improper sources is unsubstantiated, and contrary to the direct findings of the Bankruptcy Court. This Court also notes that such findings were supported by the evidence presented.

*2. Fees for Litigating a Fee Application Should Be Overturned as a Matter of Law.*

Second, Appellant argues that Baker Botts should not be entitled to fees incurred in preparing and defending a fee application, something ASARCO admits this Court has already decided to the contrary. Appellant raises this objection again simply to preserve the issue for appeal. This Court has discussed this issue at length in its previous Memorandum Opinion and Order, and sees no reason to depart from that earlier ruling.

*3: Fees Spent Litigating a Fee Award on Remand or Appeal Should Not Be Included in an Award.*

Third, Appellant argues that fees incurred litigating a fee application on appeal or on remand should not be allowed, characterizing them as "fees on fees on fees" and "a third tier of fees" (Brief of Appellant, 9). This is a new argument. In its August 18, 2011, Order, the Bankruptcy Court "authorize[d] Baker Botts to file supplemental fee applications for additional defense fees and expenses incurred after July 13, 2010 in connection with any appeals or any subsequent proceedings in the event of a remand" (Doc. No. 16334, p. 3). Appellant argues this

4

would lead to further iterations of fees, which would "encourage an endless cycle of fee litigation." (Brief of Appellant, 9).

First, this Court finds this "ruling" by the Bankruptcy Court to be at most its permission to file an application for fees. It is not the award of any fees or expenses nor is it an indication that the Court would grant such an award if requested. As a rule, the basic policy of federal courts is that an appeal will only lie from a "final decision." *Cobbledick v. United States*, 309 U.S. 323, 324 (1940). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). In *City of Detroit v. Grinnell Corp.*, the Second Circuit considered an issue similar to that presented by Appellant and found that "a final judgment will arise only when the District Court makes a final apportionment of the fee." 495 F. 2d 448, 475 (2d Cir. 1974) (abrogated on other grounds). As such, there is no appealable issue to be considered. The entire matter is not ripe for consideration.

Second, and assuming hypothetically that this ruling were appealable, whether work spent on appeal defending the fees awarded for successfully defending a fee application is entitled to attorney fees is, unsurprisingly, not explicitly addressed by § 330. Courts essentially fall into two camps when deciding whether to award fees spent successfully defending a fee application, whether at the first stage, or any number of successive appellate stages. The majority position, adopted by this Court in its previous Opinion, reasons that fee applicants must be entitled to recover fees spent defending those fees, as long as their application is successful. To withhold fees at any stage or appeal or proceeding from an applicant with a successful fee application would unfairly dilute the original fee award. In turn, competent counsel would be dissuaded from choosing bankruptcy cases, a result opposite the intent of Congress when it

5

drafted § 330. This is true whether the application is defended at the trial court level or on appeal. *See, e.g., Nunley v. Jessee*, 92 B.R. 152 (W.D. Va. 1988) (reversing bankruptcy court's refusal to consider award of fees for successful defense of fee award on appeal), *In re U.S. Golf Corp.*, 639 F.2d 1197, 1208 (5th Cir. 1981) (awarding fees on appeal to successful trustee's counsel without discussion), *In re Manoa Finance Co., Inc.*, 853 F. 2d 687 (9th Cir. 1988) (ruling attorney fees should be granted for an appeal if the fee applicant prevails).

The minority position, advocated by the Appellant, argues that the American Rule should control in the absence of clear and explicit statutory authorization. A representative case cited by Appellant, *In re DN Associates*, 165 B.R. 344, 349 (Bankr. D. Me. 1994), is an example of a court which considered the argument above, but ultimately found it unpersuasive and chose not to award fees. "Bankruptcy professionals," it reasoned, "regularly face the risk of nonpayment or reduced payment for a variety of reasons." *Id.* at 354. Appellant asks this Court to adopt the minority position in this circumstance.

As Appellee points out, however, this Court has already held that this latter approach is the less well reasoned interpretation of the statute, especially considering the legislative intent that bankruptcy attorneys be compensated commensurate with attorneys in other fields. Appellant's argument that attorney fees should not be awarded for fee appeals, even if successful, lacks persuasive authority. This Court follows the majority of courts in holding that fees for the successful defense of a § 330 fee appeal are recoverable, at any stage of the case. To give anything less would fall short of making a law firm whole for its original fee award.

The additional infirmity in Appellant's argument that Baker Botts should not be entitled to fees on appeal or remand is that such awards would apply only insofar as ASARCO chooses to continue litigating and continues to lose. Further tiers of fees, as ASARCO terms them, could

only be awarded when, and if, ASARCO continues to object, and appeal (and lose). The existence of a new "tier" is solely up to the discretion of ASARCO and whether it takes a legal position forcing the Appellee to respond. To deny the law firm fees each time it is forced to respond to some issue in a different court would dilute Baker Botts's core fees, an outcome this Court has already held Appellee should not be forced to bear. This Court affirms its previous ruling that "the time spent defending a fee application 'is necessary and beneficial to the bankruptcy system as a whole, and indirectly, to each estate participating in the system'" (Memorandum Opinion and Order, p. 20) (citing *In re Engman II*, 404 B.R. 467, 483 (W.D. Mich. 2009)). Therefore, assuming that there actually is an appealable issue, which this Court does not find, this Court holds that a court may award attorney fees for the successful trial and/or appellate defense of fees awarded as part of a fee application.

### III. Conclusion

The Bankruptcy Court originally awarded Baker Botts an enhancement for its representation of ASARCO in the SCC case, in which it reached a result that all parties have agreed were both rare and extraordinary. The debtor emerged from bankruptcy as a financially sound, functioning entity. All of the creditors were completely paid (including interest and attorneys' fees). Overall, the result was positive and unexpected, and perhaps the single most successful in American bankruptcy history. Even so, the Bankruptcy Court did not award an enhancement based upon the overall body of work performed in the bankruptcy case; instead, the Bankruptcy Court limited the enhancement to the work performed in the SCC fraudulent transfer litigation. According to the Bankruptcy Court, this superlative result was attributable in no small part to the performance of the attorneys of Baker Botts and the result obtained in the SCC case,

and not to any factors that might otherwise make a substantial victory easier (as was the case in *Perdue v. Kenny*, __ U.S. __, 130 S.Ct. 1662 (2010)). This Court reiterates its previous ruling that there is an abundance of evidence which supports the Bankruptcy Court's decision to award Baker Botts an enhancement for its representation in the SCC case. This Court also earlier denied the recovery of post judgment interest by the law firm, a holding this Court now reaffirms.[2]

Subsequently, the Bankruptcy Court has clarified that none of its initial $5,000,000 fee award for the preparation and defense of the fee application was expended for the pursuit of a fee enhancement, but rather was entirely for the preparation and defense of Baker Botts's fee application. The Bankruptcy Court did find, however, that $255,213.23 of its initial award of $457,443.83 in expenses was an award for the pursuit of a fee enhancement, and accordingly reduced that award as instructed by this Court. While the Bankruptcy Court used its discretion in capping the fee request, instead of a precise mathematical calculation to arrive at its award of fees, the evidence does support that Baker Botts's expenditures were at least in excess of that amount. See Declaration of James R. Prince, Doc. No. 15188-11, p. 5–9. While this might be a somewhat unusual approach, Baker Botts would be the only entity harmed by such a technique and it has not objected as to that methodology.

The total amount awarded by the Bankruptcy Court, $9,495,543.78, equals the original amount awarded by that Court's Order dated August 18, 2011 (Doc. No. 16334), $9,750,757.01, minus the $255,213.23 the Bankruptcy Court found should be eliminated. No party has questioned or objected to the actual calculations performed by the Bankruptcy Court, so this

---

[2] These rulings, including the ruling reargued here regarding fees for defending a fee application, have actually already been appealed. See Case No. 12-40997, *ASARCO, LLC v. Jordan, Hyden et. al.*, and Case No. 12-40998, *ASARCO, LLC v. Baker Botts, LLP*, pending in the Fifth Circuit Court of Appeals. This Court reiterates here that this Judgment makes both orders final, in case the Fifth Circuit finds these first two appeals to be premature.

Court will assume they are accurate and hereby affirms the award of $9,495,543.78. This figure represents the unpaid amount of fees and expenses expended in the preparation and defense of its fee application and the fee enhancement approved by the Bankruptcy Court and upheld by this Court.

Finally, this Court finds ASARCO's complaint regarding any future fee application is not ripe. No application has been made, and no fees have been awarded. It is therefore the judgment of this Court that the Bankruptcy Court's Order on Remand (Doc. No. 16712) should be **AFFIRMED**. Given that this Order incorporates the Memorandum Opinion and Order of this Court dated August 8, 2012, these two Orders together form a final and appealable judgment on all issues in the controversy.

Signed and ordered this the 26th day of March, 2013.

_____
Andrew S. Hanen
United States District Judge